**Mario L. SIMS, Sr., Appellant–Plaintiff,**

v.

**George BEAMER, James F. Groves, Michael P. Barnes, Richard A. Nussbaum, II, John Marnocha, and County of St. Joseph, Appellees–Defendants.**

No. 50A03–0008–CV–295.

Court of Appeals of Indiana.

Oct. 31, 2001.

Mario L. Sims, Sr., Appellant pro se.

James F. Groves, James P. Ehrhard, South Bend, Indiana, Attorneys for Appellees.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee George Beamer.

## OPINION

SULLIVAN, Judge.

Appellant, Mario Sims, Sr., challenges the trial court's dismissal of his complaint against appellees George Beamer, James F. Groves, Michael P. Barnes, Richard A. Nussbaum, II, John Marnocha, and the County of St. Joseph.

We affirm.

The record reveals that on March 9, 2000, Sims filed a verified complaint against the defendants, which read in pertinent part:

"Plaintiff Mario L. Sims, Sr., **pro se,** for his cause of action against the defendants, states as follows:

1. Plaintiff is an African American resident of St. Joseph County.

2. The defendants, lawyers, judges, and a County, acting under the color of state law, and pursuant to custom or policy, intended to discriminate on the basis of race, denied the plaintiff rights protected by 1st and 14th Amendments to the United States Constitution, and **42 U.S.C. §§ 1981, 1983, and 1985(3).**

3. On January 13, 2000, plaintiff filed his valid change of venue of County in the suit captioned, Mario L. Sims, Sr., v. Michael P. Barnes, John Marnocha, Richard A. Nussbaum, II., and the County of St. Joseph.

4. On February 3, 2000, Judge George Beamer, of the St. Joseph Superior Court, granted the change of venue of County motion of the plaintiff thereby divesting Beamer of any jurisdiction

or authority in that case to do anything other than transfer venue.

5. The plaintiff filed his motion for default as to defendant St. Joseph County on February 16, 2000.

6. George Beamer, completely lacking in jurisdiction and authority because of the order granting the change of venue entered on February 3, 2000, and in conspiracy with Barnes, Marnocha, Nussbaum, St. Joseph County, and the attorney for Barnes, Nussbaum, and Marnocha, James F. Groves, denied the plaintiff's motion for default the same day it was filed on February 16, 2000.

7. The above actions were maliciously taken to deny the plaintiff his rights pursuant to the 1st and 14th Amendment of the United States, and **U.S.C. 42 §§ 1981, 1983, and 1985(3).**

**WHEREFORE,** Plaintiff respectfully requests:

A. Actual damages in the amount of $16,000,000.

B. Punitive damages for the malicious acts taken in conspiracy, in an amount to be determined by the trier [of] fact.

C. That the Court order the defendant's [sic] to pay the plaintiff's costs of this suit and reasonable attorney fees.

D. And for such other relief as may be just and proper." Record at 8–9 (emphases in original).

The defendants filed a motion to dismiss the complaint pursuant to Indiana Trial Rule 12(B)(6) and 12(B)(8) on March 24, 2000. Sims filed a "Motion in Opposition to Defendant's Motion to Dismiss" on April 4, 2000. Record at 32. On April 14, 2000, St. Joseph Superior Court Judge Chamblee granted Sims' motion for change of venue, and the cause was transferred to Judge Michael D. Cook in Marshall Coun-

ty. The trial court in Marshall County held a hearing on the defendants' motion to dismiss on June 13, 2000. Thereafter, on July 17, 2000, the trial court granted the motion to dismiss.

■ Upon appeal, Sims claims that the trial court improperly granted the defendants' motion to dismiss based upon T.R. 12(B)(6) because, according to Sims, the complaint properly sets forth a claim for which relief could be granted. Our review of a dismissal pursuant T.R. 12(B)(6) is *de novo*, requiring no deference to the trial court's decision. *Wilhoite v. Melvin Simon & Assoc., Inc.*, 640 N.E.2d 382, 384 (Ind.Ct.App.1994). A motion to dismiss based upon T.R. 12(B)(6) tests the legal sufficiency of a claim, not the facts supporting it. *Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 196 (Ind. Ct.App.1999), *trans. denied*. Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts upon which the trial court could have granted relief. *Id.* In determining whether any facts will support the claim, we may look only to the complaint and the reasonable inferences to be drawn therefrom, and may not rely upon any other evidence in the record. *Wilhoite*, 640 N.E.2d at 384; *Hosler*, 710 N.E.2d at 196. If a complaint states a set of facts which, even if true, would not support the relief requested therein, we will affirm the dismissal. *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind.Ct.App.1998), *trans. denied, cert. denied*, 528 U.S. 931, 120 S.Ct. 329, 145 L.Ed.2d 257 (1999). Furthermore, we may affirm the trial court's grant of a motion to dismiss if it is sustainable upon any theory. *Id.*

■ With regard to Sims' claim against Judge Beamer, particular considerations are germane. Specifically, we must determine whether Judge Beamer is entitled to judicial immunity.[1] Generally, judges are entitled to absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity; only where a judge's actions are taken in the complete absence of any jurisdiction will judicial immunity not apply. *Newman*, 702 N.E.2d at 1097. "The underlying purpose of the immunity is to preserve judicial independence in the decision-making process.... Judicial decision-making without absolute immunity would be driven by fear of litigation and personal monetary liability." *Id.*

Sims argues that, because Judge Beamer had previously granted his motion to change venue, Judge Beamer acted in the complete absence of any jurisdiction when he denied Sims' motion for default judgment. Thus, according to Sims, Judge Beamer is not entitled to the protections afforded by the doctrine of judicial immunity. We disagree.

■ It is true that when a change of venue has been granted, a judge is generally divested of jurisdiction except to hear emergency matters. *See* Ind.Trial Rule 78; *cf. In re Adoption of I.K.E.W.*, 724 N.E.2d 245, 251 n. 9 (Ind.Ct.App.2000). Thus, Judge Beamer may have acted in excess of his authority. Nevertheless, a judge will not be deprived of immunity simply because the action he took was in

---

1. In his reply brief, Sims maintains that Judge Beamer has waived the defense of judicial immunity by failing to raise it in the motion to dismiss. However, in the defendants' motion to dismiss, one of the arguments set forth for dismissal was that "[a]n error on the part of a judge does not give rise to a cause of action against the judge...." Record at 30. This obviously implicates judicial immunity. Also, judicial immunity was explicitly argued before the trial court during the hearing on defendants' motion to dismiss. Thus, Judge Beamer has not waived the issue of judicial immunity.

error or in excess of his or her authority. *Newman,* 702 N.E.2d at 1098. The United States Supreme Court has stated that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, *even when such acts are in excess of their jurisdiction,* and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355–356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (emphasis supplied). The only situation in which a judge may be held liable for his or her actions is where the act is undertaken with clear and complete absence of jurisdiction over both the parties and the subject matter. *Cato v. Mayes,* 270 Ind. 653, 656, 388 N.E.2d 530, 532 (1979). When judicial immunity is at issue, we will construe a judge's jurisdiction liberally. *Hupp v. Hill,* 576 N.E.2d 1320, 1325 (Ind.Ct.App.1991).

■ In the present case, Sims' complaint alleges that Judge Beamer is a judge in the St. Joseph Superior Court. The St. Joseph Superior Court is a court of general jurisdiction. *See* Ind.Code § 33–5–40–4 (Burns Code Ed. Repl.1998).[2] A change of venue has no effect upon the trial court's subject matter jurisdiction, but instead only affects the jurisdiction over the particular case. *Indiana State Fair Bd. v. Hockey Corp. of America,* 165 Ind.App. 544, 559, 333 N.E.2d 104, 114 (1975), *trans. granted and aff'd. in part, vacated in part on other grounds by* 429 N.E.2d 1121 (Ind.1982). Therefore, Judge Beamer's act of denying Sims' motion for default judgment, although perhaps in excess of his jurisdiction over the case, was not taken in complete absence of *any* jurisdiction. Indeed, our Supreme Court has stated that in courts of general jurisdiction, an action never lies against the judge because the judge has jurisdiction of all causes. *Cato,* 270 Ind. at 656, 388 N.E.2d at 532; *see also Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir.1986) ("Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party.").[3]

■ Sims also claims that Judge Beamer should not be afforded the protections of judicial immunity because he is suing Judge Beamer for a non-judicial act. Sims cites *Rankin v. Howard,* 633 F.2d 844, 847–48 (9th Cir.1980), for the proposition that a private, prior agreement by a judge to decide in favor of one party is not a judicial act entitled to judicial immunity. However, the Ninth Circuit's decision in *Rankin* was the subject of much criticism. *See Ashelman,* 793 F.2d at 1077–78. In *Ashelman,* the Ninth Circuit Court of Appeals explicitly rejected and overruled *Rankin,* holding that a conspiracy between a judge and a prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, does not pierce the immunity extended to judges and prosecutors. 793 F.2d at 1078. Thus, we are not persuaded that, even had Judge Beamer conspired with the other defendants as alleged in Sims' complaint, we are enabled

---

**2.** The statute setting the jurisdiction of the St. Joseph Superior Court states that the court has "[o]riginal, appellate, concurrent, and coextensive jurisdiction with the circuit court in all civil cases, criminal cases, and probate matters," and "[j]urisdiction in all other subject matters actionable in the circuit court." I.C. § 33–5–40–4.

**3.** We also note that Sims appears to have filed his motion for default judgment in the St.

Joseph Superior Court after his motion to change venue from that court had been granted. A party who seeks affirmative relief from a court voluntarily submits himself to the jurisdiction of the court, and is thereafter estopped from challenging the court's personal jurisdiction. *See Killearn Properties, Inc. v. Lambright,* 176 Ind.App. 684, 377 N.E.2d 417 (1978). This too suggests that Judge Beamer did not act in complete absence of any jurisdiction.

under existing precedent to pierce the cloak of judicial immunity. If the allegations in Sims' complaint are taken as true, Judge Beamer is still entitled to judicial immunity, and the trial court did not err in dismissing Sims' claim as to Judge Beamer.[4]

■ Having determined that the trial court did not err in dismissing Sims' claim against Judge Beamer, we must determine whether the trial court properly dismissed Sims' claim as to the remaining defendants, Barnes, Groves, Marnocha, Nussbaum, and the County of St. Joseph. Sims contends that his complaint states a claim upon which relief could be granted, and therefore, the trial court erred in dismissing his complaint. Viewing the allegations in the complaint as true, we conclude that Sims' complaint fails to state a claim upon which relief could be granted.

■ Sims alleges that the defendants conspired with Judge Beamer to deny his motion for default judgment in the original lawsuit. In Indiana, there is no civil cause of action for conspiracy. *See Huntington Mortgage Co. v. DeBrota*, 703 N.E.2d 160, 168 (Ind.Ct.App.1998). However, there is a civil cause of action for damages resulting from conspiracy.[5] *Id.*

Here, the damage resulting from the alleged conspiracy was Judge Beamer's denial of Sims' motion for default judgment. Yet Sims' complaint contains no allegation, nor can any reasonable inference be drawn therefrom, suggesting that he was, in fact, entitled to a default judgment.[6] If Sims was not entitled to a default judgment, he has suffered no harm from the denial. Thus, Sims has failed to allege any damage resulting from the alleged conspiracy, and even if the facts contained in the complaint are taken as true, the complaint does not state a set of facts upon which Sims could be granted relief. Therefore, the trial court properly dismissed Sims' complaint as to the remaining defendants.

The judgment is affirmed.

NAJAM, J., and MATTINGLY–MAY, J., concur.

---

**4.** We would note that the immunity conferred by existing law is virtually absolute.

**5.** Civil conspiracy consists of "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Id.*

**6.** *See* Ind.Trial Rule 55.