MBNA AMERICA BANK, N.A.,
Appellant–Plaintiff,

v.

Thomas W. ROGERS, Appellee–
Defendant.

No. 02A03–0506–CV–260.

Court of Appeals of Indiana.

Oct. 5, 2005.

Glenn S. Vician, Bowman, Heintz, Boscia & Vician, P.C., Merrillville, for Appellant.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff MBNA America Bank, N.A. ("MBNA") appeals the dismissal of its complaint seeking judgment upon an arbitration award against Appellee–Defendant Thomas W. Rogers ("Rogers"). We affirm.

### Issue

MBNA presents two issues for review, which we consolidate and restate as the following: whether the trial court erroneously dismissed MBNA's complaint pursuant to Indiana Trial Rule 12(B)(6).

### Facts and Procedural History

According to MBNA's Statement of Facts, Rogers entered into a credit card agreement with MBNA on or about April 9, 1996 and, on or about July 17, 2003, MBNA submitted a claim concerning the credit card balance to the National Arbitration Forum.[1] On December 11, 2003, the arbitrator issued an award in favor of MBNA in the amount of $28,892.36.

---

1. MBNA's complaint did not specify that the indebtedness involved a credit card balance, but only that Rogers was indebted to MBNA.

Over one year later, on January 20, 2005, MBNA filed a complaint in the Allen County Circuit Court, seeking judgment against Rogers in the amount of $28,892.36 and costs.[2] The complaint included no jurisdictional facts; however, a copy of an arbitration award was attached as Exhibit A and incorporated within the complaint.[3]

On February 25, 2005, Rogers filed a motion to dismiss MBNA's complaint pursuant to Indiana Trial Rule 12(B)(6). Therein, Rogers contended that MBNA lacked standing to sue and had not timely moved the trial court to confirm the arbitrator's award, according to 9 U.S.C. § 9, a provision of the Federal Arbitration Act ("the FAA"). Additionally, Rogers contended that MBNA failed to assert sufficient facts to invoke the jurisdiction of the Allen County Circuit Court.

On April 15, 2005, the trial court dismissed MBNA's complaint without prejudice, pursuant to Indiana Trial Rule 12(B)(6). MBNA now appeals.

### Discussion and Decision

■ MBNA argues that the trial court erroneously granted Rogers' motion to dismiss the complaint under Indiana Trial Rule 12(B)(6), which provides for dismissal upon motion of a complaint that fails to state a claim upon which relief can be granted. Rogers has filed no appellee's brief in response. When an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct.App.1995), *trans. denied*. The prima facie error rule protects this Court and relieves it from the burden of controverting arguments advanced for reversal, a

duty that properly remains with counsel for the appellee. *Id.*

The standard of review of a trial court's grant or denial of a motion to dismiss for failure to state a claim is de novo. *Sims v. Beamer*, 757 N.E.2d 1021, 1024 (Ind.Ct. App.2001). We do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. *Id.* That is, it does not require reference to extrinsic evidence, the drawing of inferences therefrom, or the weighing of credibility for its disposition. *Bader v. Johnson*, 732 N.E.2d 1212, 1216 (Ind.2000).

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claim, rather than the facts supporting it. *Baker v. Town of Middlebury*, 753 N.E.2d 67, 70 (Ind.Ct.App.2001), *trans. denied*. Under notice pleading, a plaintiff need only plead the operative facts involved in the litigation and thus, a complaint is sufficient if it states any set of allegations, no matter how unartfully pleaded, upon which the trial court could have granted relief. *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind.Ct.App.1999), *trans. denied*.

In reviewing a dismissal under Trial Rule 12(B)(6), an appellate court must determine whether, in the light most favorable to the plaintiff and with every inference drawn in his favor, the complaint stated any set of allegations upon which the trial court could have granted relief. *Thomson Consumer Electronics, Inc. v. Wabash Valley Refuse Removal, Inc.*, 682 N.E.2d 792, 793 (Ind.1997).

2. The complaint did not specifically request confirmation of the arbitration award, pursuant to Indiana Code Section 34–57–2–12.

3. Rogers did not claim that the complaint should have been filed in federal court rather than state court and the parties' arbitration agreement is not included within the record on appeal.

In his motion to dismiss, Rogers claimed that MBNA failed to assert jurisdictional facts in the complaint. However, jurisdiction is presumed in Indiana and need not be alleged in the complaint. *Brockman v. Kravic*, 779 N.E.2d 1250, 1254–55 (Ind.Ct.App.2002). Moreover, Rogers did not claim that a federal court, rather than a state court, should have jurisdiction over the matter. As such, and in light of the fact that the trial court did not specify that the dismissal was pursuant to Indiana Trial Rule 12(B)(1) or (2), it appears the dismissal was not for lack of jurisdiction. Additionally, Rogers argued to the trial court that MBNA lacked standing because it failed to obtain a certificate to transact business in the State of Indiana from the Secretary of State. However, Indiana Code Section 23–1–49–1 exempts banks from the requirement of obtaining a certificate before transacting business in this state. It is thus apparent that the trial court dismissed MBNA's complaint on statute of limitations grounds.

The instant action is governed by the FAA. Although Indiana has adopted the Uniform Arbitration Act, Indiana Code Section 34–57–2–1, et seq. ("the Indiana Act"),[4] Indiana Code Section 34–57–2–1(b) provides that the Indiana Act does not apply to loan contracts. Thus, MBNA concedes that § 9 of the FAA applies.

MBNA did not seek confirmation of the arbitrator's award within the one-year time period referenced in 9 U.S.C. § 9, which provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the Court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in Sections 10 and 11 of this title. If no court is specified in the agreement to the parties, then such application may be made to the United States Court in and for the district within which such award was made.

However, MBNA contends that its action is not time-barred because the foregoing provision is not intended as a statute of limitations. Focusing upon the permissive word "may" preceding the word "apply," MBNA asks this Court to consider Section 9 as "affording a discretionary one year time period to a party wishing to confirm an award." Appellant's Br. at 5.

Neither the United States Supreme Court nor the Seventh Circuit Court of Appeals has addressed this particular issue of statutory interpretation, but the Second Circuit addressed in great detail the question of whether Section 9 created a one-year statute of limitations, and concluded that it did so. *Photopaint Technologies, LLC v. Smartlens Corp.*, 335 F.3d 152 (2d

---

4. Under the Indiana Act, when an arbitration award is made, the aggrieved party may seek to modify or correct the award. Ind.Code § 34–57–2–14. The winner may seek to confirm the award. Ind.Code § 34–57–2–12. Concerning confirmations and objections to awards, the FAA and the Indiana Act follow the same general scheme although the FAA sets the limitation period [for objections] at three months rather than ninety days as provided in the Indiana Act. *School City of East Chicago, Ind. v. East Chicago Fed'n of Teachers, Local No. 511*, 422 N.E.2d 656, 659 n. 5 (Ind.Ct.App.1981). While 9 U.S.C. § 9 allows confirmation at any time within one year, the Indiana Act prohibits a motion to confirm before expiration of the ninety days. The Indiana Act does not provide a limitation period for enforcement. *Williams v. United States Steel*, 877 F.Supp. 1240, 1245 (N.D.Ind. 1995), *aff'd*, 70 F.3d 944 (7th Cir.1995).

Cir.2003). The *Photopaint* court acknowledged that some circuit courts held that "may" in Section 9 was permissive only and that petitions to confirm arbitral awards could be filed beyond the one-year period. *Id.* at 156. However, the court examined those decisions in light of the more recent United States Supreme Court decision in *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.,* 529 U.S. 193, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000). Therein, the Supreme Court, in construing the venue provision of the federal arbitration act, rejected the idea that the use of "may" in some provisions of the federal act, and not in others, carries definitive significance. *Id.* at 199, 120 S.Ct. 1331. The *Photopaint* court then considered the text of Section 9 without affording decisive effect to the ordinary permissive meaning of "may," concluding:

> [W]e read the word "may" in section 9 as permissive, but only within the scope of the preceding adverbial phrase: "[a]t any time within one year after the award is made." We therefore hold that section 9 of the FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA. Our construction of the text is not inevitable, but it is intuitive: for example, tax returns may be filed anytime up to April 15, but one senses at once that the phrase is permissive only up to a point. Moreover, this result advances important values of finality: "One of the FAA's purposes is to provide parties with an effective alternative dispute resolution system which gives litigants a sure and expedited resolution of disputes while reducing the burden on the courts. Arbitration should therefore provide not only a fast resolution but one which establishes conclusively the rights between the parties. A one year limitations period is instrumental in achieving this goal." *In re*

*Consol. Rail,* 867 F.Supp. 25, 31 (D.D.C. 1994).... An action at law is not identical to the summary confirmation proceeding established by the FAA, which was intended to streamline the process and eliminate certain defenses.... [A] party to an arbitration is entitled to the benefits of the streamlined summary proceeding only if, as it may do, it files at any time within one year after the award is made.

335 F.3d at 158–160.

As such, MBNA's action could properly proceed in state court only if, within one year, MBNA applied to the court specified by the parties for confirmation of an arbitral award. Taking the allegations of MBNA's complaint as true, we assume that MBNA received an arbitral award against Rogers. However, even assuming the (not pleaded) fact that the arbitration agreement between the parties provided for enforcement in an Indiana court, MBNA nevertheless failed to seek confirmation of the award within the one-year statute of limitations of 9 U.S.C. § 9. Accordingly, the trial court properly dismissed MBNA's complaint for judgment upon its arbitral award.

Affirmed.

SHARPNACK, J., and DARDEN, J., concur.