

FILED

Dec 15 2017, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brittany M. Wilson
Wilson & Semones
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

J. David Agnew
Claire Lorch Hagedorn
Lorch Naville Ward LLC
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.R. and C.R.,<br>*Appellants,*<br><br>v.<br><br>S.P. and D.P.,<br>*Appellees.* | December 15, 2017<br><br>Court of Appeals Case No.<br>31A04-1706-DC-1284<br><br>Appeal from the Harrison Circuit Court<br><br>The Honorable John T. Evans, Judge<br><br>Trial Court Cause No.<br>31C01-1703-DC-48 |

**Pyle, Judge.**

## Statement of the Case

[1] C.R. ("Biological Mother") and her husband, J.R., ("her husband") appeal the trial court's grant of S.P. ("Father") and D.P.'s ("Mother") (collectively "Parents") motion to dismiss a custody action in which Biological Mother and her husband sought to obtain custody of A.P. ("A.P.") thirteen years after

Biological Mother had voluntarily relinquished her parental rights to A.P. and had consented to A.P.'s adoption. Concluding that the trial court did not err in granting the Parents' motion to dismiss, we affirm the trial court's judgment.

We affirm.

## Issue

The sole issue for our review is whether the trial court erred in granting the Parents' motion to dismiss.

## Facts

A.P. was born in December 2003. The day after A.P.'s birth, Biological Mother signed a Consent to Adoption wherein she consented to A.P.'s adoption, waived notice of all proceedings connected to the adoption, and voluntarily relinquished "all maternal rights, including the care, custody and control with regard to said child." (App. 17). Four days later, Mother and Father filed a petition to adopt A.P. The adoption was finalized in March 2004. Parents and Biological Mother did not enter into any agreement regarding post-adoption contact between Biological Mother and A.P.

Thirteen years later, in February 2017, Biological Mother and her husband filed a petition seeking custody of A.P. The petition alleged that they were seeking custody of A.P. pursuant to INDIANA CODE § 31-17-2-3, which provides that a "child custody proceeding is commenced in the court by . . . a person other than a parent by filing a petition seeking a determination of custody of the child." The petition further alleged that Biological Mother and her husband had been

in contact with A.P. and had learned that there were conflicts between A.P. and Parents. Biological Mother and her husband also believed that Parents were planning to relocate with A.P. Biological Mother and her husband alleged that, based upon the conflicts and possible relocation, a change in custody was in A.P.'s best interests.

[5] In March 2017, Parents filed a motion to dismiss Biological Mother and her husband's custody petition pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief could be granted. Parents specifically alleged that Biological Mother had consented to the adoption and had voluntarily relinquished her parental rights in 2003. Further, Parents pointed out that the parties had not entered into a post-adoption visitation agreement either before or after finalizing the adoption.

[6] The trial court granted the Parents' motion to dismiss after a hearing. Specifically, the trial court's order provides in relevant part as follows:

> (7) [Biological Mother's] parental rights to [A.P.] were terminated as a result of [Parents'] adoption of [A.P.]. No post-adoption contact privileges were awarded to [Biological Mother] as might have been according to Indiana Statute, I.C. [§] 31-19-16-2.
>
> (8) [Biological Mother] cannot regain custody of [A.P.] from the [Parents] under the guise of a non-parent third party. . . . The rights as between [Biological Mother] on the one hand and [Parents] on the other, concerning the custody of [A.P.] have been litigated and a final order of adoption entered. [Biological

Mother] did not avail herself of the sole method of obtaining contact with [A.P.] post adoption.

(App. 40). Biological Mother and her husband now appeal.

## Decision

Biological Mother and her husband argue that the trial court erred in granting Parents' motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6). The standard of review of a trial court's grant of a motion to dismiss for failure to state a claim under Indiana Trial Rule 12(B)(6) is de novo. *Sims v. Beamer*, 757 N.E.2d 1021, 1024 (Ind. Ct. App. 2001). We do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. *Id.* "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Northwest Ind.,* 845 N.E.2d 130, 134 (Ind. 2006). "Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred." *Id.*

Biological Mother and her husband contend that INDIANA CODE § 31-17-2-3 provided them with "the ability to commence a custody action" to obtain custody of A.P. (Appellants' Br. 6). INDIANA CODE § 31-17-2-3 provides that a

"child custody proceeding is commenced in the court by . . . a person other than a parent by filing a petition seeking a determination of custody of the child." The Indiana Supreme Court has explained that the "reference to 'a person other than a parent' is interpreted in its plain meaning." *In re the Custody of M.B.*, 51 N.E.3d 230, 233 (Ind. 2016). Parents, however, respond that this statute does not apply in this case because "[a]s a matter of law, Biological Mother has forfeited her right to challenge custody of [A.P.]" (Appellees' Br. 10). We agree with Parents.

[9] First, INDIANA CODE § 31-19-15-1 provides that "if the biological parents of an adopted person are alive, the biological parents are . . . divested of all rights with respect to the child, and the parent-child relationship is terminated after the adoption unless the parent-child relationship was terminated by an earlier court action, operation of law, or otherwise." This Court has previously explained that the purpose of this statute "is to shield the adoptive family from unnecessary instability and uncertainty arising from unwanted intrusions by the child's biological family." *In re Adoption of K.S.P.*, 804 N.E.2d 1253, 1257 (Ind. Ct. App. 2004).

[10] Further, case law is clear that in an adoption proceeding, the parental rights of the biological parents are irretrievably terminated once the decree of adoption has been entered. *Schmitter v. Fawley*, 929 N.E.2d 859, 861 (Ind. Ct. App. 2010). A decree of adoption severs forever every part of the biological parent and child relationship. *Id.* Specifically, adoption severs the child entirely from

its own family tree and engrafts it upon that of another. *Id.* For all legal and practical purposes, the child is the same as dead to its biological parents. *Id.*

[11] In light of this persuasive statutory and case law, Biological Mother's parent-child relationship with A.P. was irretrievably terminated when the decree of adoption was entered in March 2004. At that time, Biological Mother was divested of all rights with respect to A.P.[1] We agree with the trial court that

---

[1] There is one specific and significant exception to the general rule of total divesture of a birth parent's rights, which demonstrates that the post-adoption rights of birth parents differ significantly from those of other parties. *In re Visitation of A.R.*, 723 N.E.2d 476, 479 (Ind. Ct. App. 2000). Specifically, this Court has explained that INDIANA CODE § 31-19-16-2 provides the exclusive means by which a birth parent may acquire post-adoption visitation rights. *Id.* That statute provides as follows:

A court may grant postadoption contact privileges if:

(1) the court determines that the best interests of the child would be served by granting postadoption contact privileges;
(2) the child is at least two (2) years of age and the court finds that there is a significant emotional attachment between the child and the birth parent;
(3) each adoptive parent consents to the granting of postadoption contact privileges;
(4) the adoptive parents and the birth parents:
     (A) execute a postadoption contact agreement; and
     (B) file the agreement with the court;
(5) the licensed child placing agency sponsoring the adoption and the child's court appointed special advocate or guardian ad litem appointed under IC 31-32-3 recommends to the court the postadoption contact agreement, or if there is no licensed child placing agency sponsoring the adoption, the local office or other agency that prepared an adoption report under IC 31-19-8-5 is informed of the contents of the postadoption contact agreement and comments on the agreement in the agency's report to the court;
(6) consent to postadoption contact is obtained from the child if the child is at least twelve (12) years of age; and
(7) the postadoption contact agreement is approved by the court.

Because there was no such agreement in this case, Biological Mother was clearly divested of all rights with respect to A.P. in March 2004.

Biological Mother cannot now circumvent this law "under the guise of a non-parent third party." (App. 40). *See A.R.*, 723 N.E.2d at 479 (holding that after consenting to the adoption, biological mother could not circumvent the law by seeking visitation as a non-parent third party). Additionally, the acceptance of Biological Mother's argument would lead to a patently absurd result in this case and potentially in many others. Under her argument, all parents who had either voluntarily relinquished their parental rights or had those rights involuntarily terminated could use INDIANA CODE § 31-17-2-3 to potentially revive those previously divested rights. This would create the "unnecessary instability and uncertainty" that INDIANA CODE § 31-19-15-1 was enacted to prevent. Further, in this case, it would also be absurd to allow Biological Mother to use her husband to revive these divested rights. Accordingly, the trial court did not err in granting Parents' motion to dismiss.

[12] Affirmed.

Kirsch, J., and Bailey, J., concur.