

FILED

Jul 07 2023, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jason E. Salerno
Nashville, Indiana

ATTORNEY FOR APPELLEE

Rosemary L. Borek
Knight Hoppe Kurnik & Knight
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Simpson and Monroe LLC,

*Appellants-Plaintiffs,*

v.

Brown County Board of
Commissioners; Chuck Braden,
in his official capacity; Diana
Biddle, in her official capacity;
and Jerry Pittman, in his official
capacity,

*Appellees-Defendants*

July 7, 2023

Court of Appeals Case No.
22A-PL-3102

Appeal from the Bartholomew
Circuit Court

The Honorable Kelly S. Benjamin,
Judge

Trial Court Cause No.
03C01-2209-PL-4330

**Opinion by Judge Mathias**
Judges Vaidik and Pyle concur.

**Mathias, Judge.**

[1]    John Simpson and Monroe LLC (collectively "Simpson") appeal the

Bartholomew Circuit Court's dismissal of their complaint against the Brown

County Board of Commissioners and its members Chuck Braden, in his official capacity; Diana Biddle, in her official capacity; and Jerry Pittman, in his official capacity (collectively "the Board"). Simpson raises two issues for our review, which we consolidate and restate as a single issue: whether the trial court erred when it dismissed his complaint pursuant to Indiana Trial Rule 12(B)(6). We affirm.

## Facts and Procedural History

[2] Simpson owns and operates a "site-work" contracting company. Appellant's Br. at 6. Between 2014 and 2018, Simpson and the Board were engaged in "complex" and "bitter" litigation related to the Board's denial of Simpson's application for a septic contractor's license. *Id.* That litigation ended in a settlement agreement.

[3] In April 2020, the Board "invited bids for a public works project" to construct a hiking trail. Appellant's App. Vol. 2, p. 12. Simpson "prepared and submitted a responsive bid," and his bid "was the lowest of the four bids received." *Id.* The Board "rejected all bids for the expressed reason that they were 'too expensive.'" *Id.* In April 2021, the Board again invited bids for the project but added a requirement that bidders be "INDOT certified." *Id.* Simpson is not INDOT certified, but he submitted a bid for the project anyway. Simpson's bid was the only bid, but the Board rejected it because of his lack of INDOT certification. The Board then invited additional bids and added a requirement that "bidders must be pre-qualified or certified by the Indiana Department of

Administration (IDOA)." *Id.* Simpson was neither pre-qualified nor certified by the IDOA. But he again submitted a bid and asserted that he was "exempt from the [IDOA] statutory requirement," and his bid was the "lowest of three bids." *Id.* at 13. On September 1, the Board awarded the contract to another bidder.

[4] On May 4, 2022, Simpson filed a complaint against the Board alleging two counts: (1) "ill will" in rejecting his bids and (2) violation of the Indiana Antitrust Act. *Id.* at 12. Simpson sought damages, including punitive damages and attorney's fees. The Board filed a motion to dismiss Simpson's complaint under Trial Rule 12(B)(6). The Board alleged that "Indiana law does not permit an antitrust action against a governmental entity" and the complaint "does not otherwise satisfy the requirements of a public lawsuit" under the Indiana Public Lawsuit Statute. *Id.* at 19-20. Following a hearing, the trial court found that Simpson had "failed to comply with the Public Law[suit] Statute" and granted the motion to dismiss.[1] This appeal ensued.

## Discussion and Decision

[5] Simpson contends that the trial court erred when it dismissed his complaint pursuant to Trial Rule 12(B)(6). As our Supreme Court has stated:

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. When ruling on a motion to dismiss, the court must view the pleadings in the light most favorable to the nonmoving party, with every

---

[1] The parties jointly moved the trial court to dismiss the antitrust count.

reasonable inference construed in the non-movant's favor. We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion de novo. We will not affirm such a dismissal unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.

*Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015) (internal quotation marks and citations omitted). We may affirm the trial court's grant of a motion to dismiss if it is sustainable upon any theory. *Sims v. Beamer*, 757 N.E.2d 1021, 1024 (Ind. Ct. App. 2001).

[6]     Simpson argues that the trial court erred when it found that his complaint is barred by the Public Lawsuit Act, Indiana Code sections 34-13-5-1 to -12 ("the Act").[2] Simpson maintains that, contrary to the trial court's findings, he did not bring his claim under the Act. Rather, he contends that his "claims seek to protect his private interest only, not public interests." Appellant's Br. at 9. He asserts that his complaint "states a claim for which relief may be granted under

---

[2] A public lawsuit is defined by Indiana Code Section 34-6-2-124(a) in relevant part as:

> (1) any action in which the validity, location, wisdom, feasibility, extent, or character of construction, financing, or leasing of a public improvement by a municipal corporation is questioned directly or indirectly, including but not limited to suits for declaratory judgments or injunctions to declare invalid or to enjoin the construction, financing, or leasing; . . . .

Plaintiffs in a public lawsuit "may sue in their capacity either as citizens or taxpayers of the municipal corporation." Ind. Code § 34-13-5-2(a).

tort theory, as it alleges sufficient facts, conduct and damages sounding in tort."[3] *Id.*

[7] Again, we may affirm the trial court on any theory supported by the record. *Sims*, 757 N.E.2d at 1024. Doing so, we will assume for the sake of argument that the trial court erred when it dismissed Simpson's complaint for not meeting the requirements of the Public Lawsuit Act. However, even under that assumption, we are obliged to affirm. While the trial court did not address Simpson's contention that his complaint states a claim for relief due to the Board's alleged tortious conduct, dismissal was still warranted under that theory.

[8] The Board cites case law holding that unsuccessful bidders like Simpson cannot bring claims for damages outside of the Public Lawsuit Act. In particular, in *Shook Heavy and Environmental Construction Group v. City of Kokomo*, our Supreme Court considered a certified question from the United States District Court of the Southern District of Indiana and held that

> an unsuccessful bidder does not have a cause of action under Indiana law for an injunction prohibiting a city from awarding a public contract to the selected bidder if the unsuccessful bidder's legal theory is that the selected bidder is not the lowest

---

[3] Notably, Simpson admits that he cannot identify any specific tort that applies here. Rather, Simpson asserts that his complaint "describe[s] conduct sounding sufficiently in tort that it should survive under the standard of review applied to a T.R. 12(B)(6) dismissal." Appellant's Br. at 19. Simpson does not cite case law to support that assertion.

responsible and responsive bidder as required [by since-repealed public purchasing laws].

632 N.E.2d 355, 357 (Ind. 1994). And we have interpreted *Shook* to preclude "any cause of action" by an unsuccessful bidder other than a claim under the Public Lawsuit Act or a claim that the governmental body used "illegal procedures" in awarding a bid. *See Hamrick's Diesel Serv. & Trailer Repair, LLC v. City of Evansville ex rel. Bd. of Public Works*, 935 N.E.2d 764, 769 (Ind. Ct. App. 2010), *trans. denied*.

[9]     In *Shook*, the Court stated that

> *Gariup*[ *v. Stern*[4]] makes clear that a bidder spends considerable money, time, and effort in preparing a bid under competitive bidding statutes and is "pecuniarily damaged if illegal procedures are used to his disadvantage." 254 Ind.[ 563,] 566, 261 N.E.2d [578,] 581 [(1970)]. While it might be argued that this court's recognition of such damages implies the existence of a common law tort, we believe the damage of which *Gariup* speaks is a result of the governmental entity employing "fraud or other illegal procedures," *id.*, in awarding the contract. The unsuccessful bidder does have a cause of action in such circumstances under [the Indiana Antitrust Act]. In the absence of a violation of [the Antitrust Act], *the bidder has nothing more than "a unilateral expectation or abstract desire." See Rice v. Scott County*, 526 N.E.2d at 1197. This conclusion is buttressed by considering its application

---

[4] In *Gariup*, the Indiana Supreme Court held that an unsuccessful bidder who sued a school board to enjoin the award of a public contract for construction of a new school building "did not have a cause of action under the public lawsuit statute" because he did not sue as "a citizen or taxpayer of the municipality." *Shook*, 632 N.E.2d at 359-60. As the Court noted in *Shook*, the Court in *Gariup* "dismissed the entire cause of action for failure to comply with the technical requirements of the Public Lawsuit Statute." *Id.* at 360. That was the basis for the trial court's dismissal of Simpson's complaint here.

in the case of a non-governmental entity seeking competitive bids on a project. Clearly an unsuccessful bidder has no common law cause of action against the party soliciting bids if another bidder is chosen. However, an unsuccessful bidder on a private project does have a cause of action under [the Antitrust Act] if fraud or collusion is alleged. *In the absence of legislative direction, we see no reason why the common law rules in this regard should not be the same for bids on public and private projects*.

632 N.E.2d at 360 n.7 (emphases added).

[10]    Here, although Simpson originally stated a claim under the Antitrust Act, he agreed to dismiss that claim, and he does not raise that issue on appeal. And, again, we assume for the sake of argument that Simpson is correct that he made no claim under the Public Lawsuit Act. Because those are the only two theories upon which Simpson may seek damages, we agree with the Board that Simpson's claim sounding in tort is barred as a matter of law. The trial court therefore did not err when it dismissed Simpson's complaint.

[11]    Affirmed.

Vaidik, J., and Pyle, J., concur.