Alexander *et al. v.* Gill.

Filed March 15, 1892.

---

No. 15,329.

## ALEXANDER ET AL. *v.* GILL.

PRACTICE.—*Appeal.—Notice to Co-parties.— When Not Necessary.*—When all the defendants against whom a judgment has been rendered appeal, it is not necessary to serve notice on other defendants to the record, against whom no judgment has been rendered, and who have no interest in the appeal.

SAME.—*Joint Demurrer.*—In such an instance the appellants may assign as error a joint demurrer filed by all the defendants with the same effect as if all the defendants were appellants.

OFFICER.—*Liability of Judicial Officer for Wrongful Decision.*—A judicial officer, acting in the exercise of judicial functions, is not liable to a party injured, however erroneous his decision may have been.

JUSTICE OF THE PEACE.—*Judgment.—Collateral Attack.—Title to Land Put in Issue by Affidavit.—Protection to Officer Enforcing Judgment by Process.*— The decision of a justice of the peace, when it is sought to put the title of land in issue by affidavit, that the title is not in issue and that he has jurisdiction to hear and try the cause, is not subject to collateral attack, and a judgment rendered therein by him is a complete protection to the officer enforcing process issued on such judgment.

From the Marshall Circuit Court.

*A. C. Capron, M. A. O. Packard* and *C. F. Drummond,* for appellants.

*J. D. McLaren* and *E. C. Martindale,* for appellee.

| | |
|---|---|
| 130 | 485 |
| 130 | 517 |
| 130 | 485 |
| 131 | 420 |
| 132 | 104 |
| 132 | 250 |
| 130 | 485 |
| 142 | 343 |
| 130 | 485 |
| 147 | 692 |
| 130 | 485 |
| 152 | 578 |
| 130 | 485 |
| 154 | 234 |
| 154 | 378 |

OLDS, J.—Newton Jackson and Jacob Ewald in August, 1887, filed their complaint before William C. Alexander, a justice of the peace of German township, in Marshall county, against Abraham Gill, for the possession of certain real estate described in the complaint, alleging that the plaintiffs in said cause were the owners and the defendant Gill was the tenant of the plaintiffs, and was unlawfully holding over and keeping such plaintiffs out of possession.

No question is urged as to the sufficiency of the complaint, and it was in the usual form of a complaint by a landlord against his tenant who was unlawfully holding over after notice to quit.

In that action the appellee herein appeared, and filed a verified answer, alleging that he was in possession of the real estate lawfully and of right, as owner thereof; that he purchased the real estate of Jackson, one of the plaintiffs in the action, and was put in possession under his contract of purchase before Jackson sold and conveyed the real estate to his co-plaintiff Ewald, and Ewald had full knowledge of his contract of purchase, and that he held possession at the time said Ewald purchased of Jackson.

To this answer the plaintiffs demurred, and the justice sustained the demurrer, and proceeded to the trial of the case, rendering judgment in favor of the plaintiffs for the possession of the land, and for damages for the detention. No appeal was taken from said judgment. Afterward the justice issued an execution and writ of restitution on said judgment, and delivered the same to David C. Smith, a duly-qualified and acting constable of said township. The said constable proceeded to execute the writ. The said appellee, Gill, and his wife and family refused to leave the premises or allow the constable to remove his goods, consisting mainly of household goods, and the plaintiff and his family made an assault on the constable. The constable, being unable to execute the writ, then called to his assistance Jacob Ewald, Carlson Ewald, Edward Ewald, Levy Cox and Frederick Rowe, all of

whom were citizens of said Marshall county, and commanded them to help him remove the said appellee and his family and goods from said premises, which they proceeded to do, using no more force than necessary to remove them.

The appellee then brought this action against William C. Alexander, the justice of the peace, David C. Smith, constable, Jacob Ewald, Carlson E. Ewald, Edward C. Ewald, Frederick Rowe and Levy Cox for damages for removing him by force from the premises aforesaid of which he was in possession.

The defendants below answered, first, by general denial, and, secondly, pleaded the judgment and writ of restitution issued upon the same, the resistance offered the constable in the execution of the writ, and his inability to execute the same without assistance, and that he called his co-defendants, except Alexander, the justice, to aid him, and they used no more force than was necessary to remove the plaintiff and his family and goods from the premises.

To this answer the appellee replied the filing of the answer by this appellee in the action before the justice of the peace, alleging his ownership of the land, which was verified.

The defendants demurred to this reply for want of facts, which demurrer was overruled, and this ruling is assigned as error, and this presents the only question in the case.

There is a bill of exceptions set out in the record, but it was not presented to the judge in time, and is not properly in the record.

There was a trial of the cause, resulting in a judgment in favor of the appellee against all of the appellants, being all of the defendants below except Frederick Rowe.

The appellants appeal, but serve no notice of appeal on Rowe; and it is contended by the appellee that the cause should be dismissed on account of the fact that Rowe does not join in the appeal, and no notice of the appeal has been served on him by the appellants, as required by section 635,

R. S. 1881, or that error is not properly assigned by the appellants alone.

There is nothing in this objection. It has been held by this court that, when all of the parties against whom a judgment has been rendered appeal, it is not necessary to serve notice upon other parties to the record, against whom no judgment has been rendered, and who have no interest in the appeal. *Koons* v. *Mellett,* 121 Ind. 585. There was no judgment rendered against Rowe, and he has no interest in this appeal.

The defendants filed a joint demurrer, and it was overruled. If such ruling was erroneous, it is available for all of the appellants, and is properly assignable as error by them on appeal. They can not be deprived of taking advantage of an erroneous ruling against them for the reason that no judgment was rendered against one of the defendants who joined in the demurrer.

We now come to the real question in the case regarding the sufficiency of the reply. It is contended on the part of the appellee that the filing of the verified answer by the appellee in the action before the justice of the peace, alleging himself to be the owner of the land, terminated the jurisdiction of the justice, and all that the justice had authority to do thereafter was to certify the cause to the circuit court; that the judgment rendered by said justice was absolutely void, and the writ issued thereon gave no authority to the constable to put the appellee, Gill, out of the possession and restore the same to Ewald; and that the writ was no authority or protection to the constable or the other appellants for the acts done by them in putting appellee out of the possession of the land, and that the justice is also liable.

It is not contended by counsel but that the justice of the peace had jurisdiction, both of the subject-matter of the controversy and of the parties, up to the time when the defendant in the cause filed his verified answer. When this answer was filed, it became the duty of the justice to pass

upon the question of its sufficiency, and whether or not it did in fact put in issue the title to real estate. The justice had jurisdiction to decide, and having such jurisdiction it involved the right to decide either that it did or did not put in issue the title to the real estate. The ruling that it did not was equally as binding upon the parties as a contrary ruling would have been. It is held that a judicial officer, acting in the exercise of judicial functions, is not to be held liable to a party injured, however erroneous his decision may have been, and the rulings, however erroneous, are binding upon the parties to the action until reversed or set aside. This is true of courts of limited as well as general jurisdiction. The justice of the peace had jurisdiction to decide upon the sufficiency of the answer, and having done so, and held it insufficient, and proceeded to the trial of the case, and rendered judgment, the judgment was binding upon the parties, and could not be questioned collaterally; and the writ issued upon the judgment was full protection to the officer and those whom he called to his aid in the execution of the writ. A case involving a question very similar to this is *State, ex rel.,* v. *Wolever,* 127 Ind. 306, where it was contended that a valid affidavit for a change of venue terminated the jurisdiction of a mayor of a city, and rendered all subsequent proceedings had before him *coram non judice* and void. In that case the question of the liability of the officer making the decision and rendering the judgment is very fully discussed, and it is held that he was not liable. Under the authority of that opinion, the appellant William C. Alexander, the justice of the peace, is not liable. It is said: "If he decides the motion wrong, and is protected therein, it will not do to say that the immunity ends with the decision of that single question, but it extends to such additional rulings and such additional action as necessarily or legitimately might follow if the decision was correct." If the officer, the justice, or the judge who makes the decision is protected from liability and damages resulting from

his erroneous decision, we are unable to see any good reason why the officer, the constable, who executes the writ that the justice is protected in issuing, should not also be protected from liability on account of his acts in the execution of the writ, and likewise those citizens whom he may call to his aid in the execution of the writ.

If it is true, as contended by counsel for appellee, that section 1434, R. S. 1881, is applicable to actions such as the one presented against the appellee before the justice of the peace, and that when the title to real estate is put in issue, the justice has no authority other than to certify the cause, and, in case a proper affidavit for a change of venue is filed, to grant the change, yet the justice must adjudicate and pass upon the sufficiency of the affidavit for change of venue, and determine whether or not the title to real estate is put in issue, which, in many instances, might be very difficult; but having the right, and it being his duty to pass upon the question, his decision is binding until set aside or reversed, and can not be attacked collaterally. The decision and further proceedings may be erroneous and ineffectual, and may be set aside if appealed from, but they are not void in the sense that they can be ignored, as was done in this case. We have numerous decisions of this court holding directly in accordance with the theory we have enunciated, in cases where courts of inferior jurisdiction are required to and do pass upon the facts giving them jurisdiction, and holding that where courts are required to pass upon the facts giving them jurisdiction, and they assume jurisdiction, and take further action in the matter, such decision is conclusive, and the proceedings and judgment can not be attacked collaterally, notwithstanding the assumption of jurisdiction was erroneous, and might be set aside or reversed on appeal. The judgment, though erroneous, while it remains, is as binding and conclusive as though it was right, and based upon facts giving the court rightful jurisdiction. See *Chicago, etc., R. W. Co.* v. *Sutton, ante,* p. 405, and authorities there cited.

This principle is decisive of the question in the case at bar, for, if the facts giving the court rightful jurisdiction did not exist, the decision was wrong, and the court would have no rightful jurisdiction to proceed further; but it is conclusively settled in this State that the decision of the court in assuming jurisdiction can not be questioned in a collateral attack, and is conclusive until set aside or reversed on appeal.

In the case at bar the appellee filed an answer in the cause pending before the justice, which, it is contended, put in issue the title to real estate, and ousted the jurisdiction of the justice. But whether the answer was sufficient or not was a question for the justice to pass upon before certifying the case to the circuit court, or taking further proceedings in the case. The court did pass upon the question, and held that the answer was not sufficient, and sustained a demurrer to it, and his decision is conclusive, and so were the further proceedings following thereafter, including the final judgment, and it can not be attacked collaterally or ignored as utterly void.

We have a class of cases, particularly when the question has come up on appeal, as to the validity of the proceedings and judgment rendered after steps have been taken which rightfully terminated the jurisdiction of the justice, in which it is said that the proceedings had and judgment rendered after such stage of the proceedings were void; but to use the word " void " in its true sense would be to put those cases in direct conflict with the other line of later authorities which we have referred to, and cited. Many of these cases are collected and cited in the case of *State, ex rel.,* v. *Wolever, supra,* where the word " void " is again used. The word " void " in these cases must be held to mean " voidable." The court having no rightful jurisdiction after the steps were taken which would have terminated the jurisdiction if the court had made a correct ruling, but the court having the right to decide, its decision, whether right or wrong, was

binding until reversed, and the judgment rendered in the cause can not be treated as absolutely void, nor is it subject to a collateral attack.

In our opinion stronger reasons exist for holding that a court can not gain jurisdiction by an erroneous ruling than for holding that its jurisdiction once lawfully acquired is terminated by an erroneous ruling; and, certainly, if its judgment in the former case is not void or subject to collateral attack, it is not in the latter.

It follows, therefore, from the conclusion we have reached, that the court erred in overruling the demurrer to the reply.

Judgment reversed, with instructions to the circuit court to set aside the judgment and sustain the demurrer to the reply.

