DELWIN CATO *v.* STATE OF INDIANA AND CHARLES MAYES.

[No. 271S46.  Filed August 23, 1973.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore Sendak,* Attorney General, *Charles Mayes, Rice & VanStone,* of Evansville, for appellee.

ARTERBURN, C.J.—This case arises out of an incident in Vanderburgh County wherein a Justice of the Peace arrested one Mayes apparently for a traffic violation while Mayes was driving a truck which, as the Justice of the Peace claimed, interfered with the driving of the Justice of the Peace and the driving of some other cars in the traffic. It appears that the Justice of the Peace and Mayes got into an argument, and, according to the Justice of the Peace, Mayes, the driver of the truck, threatened the Justice of the Peace with physical harm. The Justice of the Peace on the spot issued an order for Mayes to post a peace bond in the amount of $1,000. From this order, Mayes took an appeal to the Circuit Court; Cato, the Justice of the Peace, asked to intervene and the request was granted. Mayes made a Motion to Dismiss, and it appears that the Court heard evidence on the merits prior to granting the Motion to Dismiss with an order reciting that the Court

"finds for the Defendant." From this judgment the Justice of the Peace, an intervenor, seeks to appeal to this Court after having filed a Motion to Correct Errors. The State of Indiana did not appeal.

Charles Mayes, the Defendant below and an Appellee here, moves this Court to dismiss this appeal on the ground that the Justice of the Peace, Cato, does not have the right to maintain such an appeal. With this contention we agree. If this be considered a criminal proceeding, only the State could have appealed and then only upon those limited grounds, such as the "reserved question of law," specified by statute. IC 1971, 35-1-47-2 [Burns Ind. Ann. Stat. § 9-2304 (1972 Supp.)] ; IC 1971, 35-10-1-1 [Burns Ind. Ann. Stat. § 9-2305 (1972 Supp.)]. If it be urged that this proceeding is of a civil nature, then the Justice of the Peace is not a "party to the judgment" under Appellate Rule 4. See *Bobbitt, Indiana Appellate Practice and Procedure,* "Initiating the Appeal," ch. 44, § 3, p. 390 and cases cited therein.

For the reasons stated, this appeal is dismissed.

All Justices concur.

NOTE.—Reported in 300 N. E. 2d 349.