Delwin CATO, Appellant,

v.

Charles MAYES, Appellee.

No. 579 S 118.

Supreme Court of Indiana.

May 2, 1979.

John D. Clouse, Barry L. Standley, Evansville, for appellant.

Jack N. VanStone, Rice & VanStone, Evansville, for appellee.

ON PETITION TO TRANSFER

GIVAN, Chief Justice.

Appellee Charles Mayes recovered a judgment of $3,050 in an action for false arrest and imprisonment against appellant Delwin Cato. The Court of Appeals affirmed the judgment in all respects in an unpublished memorandum decision. *Cato v. Mayes* (1977) No. 1–477 A 74. Upon Cato's petition to transfer this cause, we hereby grant transfer and reverse the judgment.

The evidence giving rise to the cause of action is as follows: On May 31, 1968, Mayes was driving his company garbage truck on a city street in Evansville. Cato pulled alongside the truck and then cut in front of Mayes, forcing him to stop in traffic. Cato, a justice of the peace in Evansville at the time, thought Mayes was driving recklessly. Cato's car had no official markings, nor was Cato himself wearing a uniform or badge. The two exchanged abusive language and departed. Cato then returned to his office and issued an arrest warrant for Mayes. Upon learning of the outstanding warrant later that day, Mayes surrendered himself to the sheriff. Mayes was processed and placed in a jail cell for a short time until he could post bond.

Mayes filed an action for false arrest in September, 1968. The action was held in abeyance until August, 1973, when this Court dismissed Cato's attempted appeal of Mayes' acquittal from the original charge. *Cato v. State* (1973) 261 Ind. 96, 300 N.E.2d 349. Mayes then filed an amended complaint. Judgment was entered in favor of Mayes on November 12, 1976.

The four issues Cato raised in the Court of Appeals concerned: (1) the trial court's permitting Mayes to prove damages to his family; (2) the trial court's failure to allow Cato to show Mayes' prior arrests; (3) the propriety of certain jury instructions; and (4) whether Cato, as a justice of the peace, possessed judicial immunity for his actions in issuing the arrest warrant against Mayes. In view of our disposition of this matter, only the final issue need be addressed.

■ A judicial officer, acting in the exercise of a judicial function, is not to be held liable to a party injured for an erroneous decision, however gross the error may have been or however malevolent the motive was which inspired it. *Alexander v. Gill* (1892) 130 Ind. 485, 30 N.E. 525; *State ex rel. Egan v. Wolever* (1891) 127 Ind. 306, 26 N.E. 762 [overruled on other grounds, *Peters v. Koepke* (1901) 156 Ind. 35, 59 N.E. 33]; *Kress v. State ex rel. Wagoner* (1878) 65 Ind. 106. The reason for this rule is that such a liability for a judicial act would be inconsistent with the proper discharge of judicial duties. As stated by Judge McBride in *State ex rel. Egan v. Wolever, supra* :

"No man is fitted to act as judge if he has not the courage to act in accordance with conscientious convictions of right and without fear of consequences to himself. Learning, conscience and courage are all essential qualities for those whose duty it is to decide upon the rights of their fellows.

"The student of English and American history will recall many instances where the judiciary has stood as the only barrier to protect society against oppression of rulers on one hand, or from the effects of hasty and ill-advised action, growing out of some wave of popular feeling, or some flame of excited passion. It is absolutely essential, not only to the well-being of society, but to the preservation of our government in its integrity, that the independence of the judiciary be preserved.

\* \* \* \* \* \*

"The civil responsibility of the judge would often be an incentive to dishonest, instead of honest judgments, and would invite him to consult public opinion and public prejudices when he ought to be wholly above and uninfluenced by them." 127 Ind. at 313–4, 26 N.E. at 764.

■ Although sovereign immunity has now largely been abolished in this State, it still remains for the exercise of judicial acts. See IC § 34-4-16.5-3 [Burns Supp. 1978]; *Campbell v. State* (1972) 259 Ind. 55, 63, 284 N.E.2d 733, 737. The only case in which a judicial officer may be held liable for his actions is where the act is promulgated with a clear and complete absence of jurisdiction over the parties and the subject matter. *Stump v. Sparkman* (1978) 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331; *Dietrichs v. Schaw* (1873) 43 Ind. 175. However, in cases where the jurisdiction is uncertain, a judge will not be penalized so long as there is a reasonable basis for his assumption of jurisdiction. See *State ex rel. Clark v. Libbert* (1931) 96 Ind.App. 84, 177 N.E. 873, 180 N.E. 757.

■ The test by which the question of the liability of a judicial officer is to be governed is twofold: (1) was the act complained of an exercise of judicial authority? and (2) did the court have jurisdiction of the parties and subject matter? *State ex rel. Egan v. Wolever*, 127 Ind. at 315, 26 N.E. at 764–5. If these two questions are answered affirmatively, judicial immunity will be accorded to the officer.

■ As to the first question, it is obvious that the issuance of the arrest warrant in the case at bar was a judicial act. See IC § 35-1-6-1; IC § 35-1-7-1; IC § 35-1-17-2. With regard to the second question, a justice of the peace exercises limited jurisdiction:

"When a court of limited jurisdiction has in a given case jurisdiction of the subject-matter and of the persons interested, the same immunity is accorded to the judge or magistrate that is in any case accorded to the judge of a court of general jurisdiction. And here we would remark, that by 'jurisdiction of the subject-matter' is not meant simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. . . . 

"It is said that in courts of general jurisdiction an action never lies against the judge because he has jurisdiction of all causes. In courts of limited jurisdiction it lies only when he exceeds that jurisdiction, and therefore is not in the exercise of his judicial authority."

127 Ind. at 315, 26 N.E. at 765.

Under the constitutional provisions in force in 1968, a justice of the peace is a judicial officer. Indiana Constitution, Article 7, §§ 14, 15; *McClanahan v. State* (1953) 232 Ind. 567, 112 N.E.2d 575. As a judicial officer, Cato was authorized by IC § 35-1-5-13 and IC § 35-1-21-1 to stop, arrest and detain Mayes for violating a law or disturbing the peace. The arrest warrant issued by Cato recited that Mayes, in violation of Burns § 9-513 [IC § 35-1-5-13], had committed a breach of the peace in Cato's presence. Pursuant to the statute, Cato ordered Mayes to post a $1,000 bond as surety for his keeping the peace. The above statute specifically authorizes a justice of the peace to order a violator, without process or any other proof, to give surety to keep the peace, and in default thereof, to commit such person. Consequently, we find there was a clear jurisdiction over the subject-matter and the person of Mayes to issue the arrest warrant.

The Court of Appeals, however, relied on IC § 9-4-8-1 in holding that Cato had no jurisdiction over this matter. The statute provides that a peace officer shall have no authority to arrest unless he is wearing a distinctive uniform or a badge of authority, or is operating a motor vehicle marked as a police vehicle. We disagree with the conclusion of the Court of Appeals that the arrest was unwarranted because Cato was not wearing a uniform or badge, or driving a police car. The statute was not intended to apply to judicial officers. Justices of the peace and other judicial officers do not, in the regular course of their official duties, wear uniforms, have badges of authority or drive marked cars. We therefore conclude that the stop and subsequent arrest of Mayes was not illegal by application of IC § 9-4-8-1.

Under the facts as alleged in the amended complaint and as proved at trial, Mayes has not shown that Cato stopped him and subsequently issued the arrest warrant against him with a clear absence of jurisdiction over Mayes and the subject-matter of the arrest. Therefore, Justice of the Peace Delwin Cato, as a judicial officer, enjoys absolute immunity from liability for any injury resulting from the exercise of his judicial authority.

Accordingly, we grant transfer and vacate the opinion of the Court of Appeals. This cause is reversed and remanded to the trial court with instructions to enter judgment for Defendant Cato.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.