## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2016, 7:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Jason Tye Myers
Stockwell, Indiana

ATTORNEYS FOR STATE
APPELLEES

Gregory F. Zoeller
Attorney General

Aaron T. Craft
Elizabeth M. Littlejohn
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Tye Myers,

*Appellant-Plaintiff,*

v.

Nalin Desai, *et al.*,

*Appellees-Defendants.*

December 30, 2016

Court of Appeals Case No.
79A02-1604-PL-929

Appeal from the Tippecanoe
Superior Court

The Honorable Robert B. Mrzlack,
Special Judge

Trial Court Cause No.
79D04-1309-PL-42

**Bradford, Judge.**

# Case Summary

In November of 2013, Appellant-Plaintiff Jason Tye Myers stayed in a hotel that was owned and operated by Appellees-Defendants Nalin Desai, Bena Desai, and Kinjal, Inc. (collectively, "the Hotel Appellees") for a number of weeks. On September 27, 2013, Myers filed a complaint for invasion of privacy against the Hotel Appellees, alleging that they had invaded his privacy by requiring him to provide the identification of a guest staying with him in the hotel and, upon request, subsequently providing this identification information to local law enforcement authorities. Myers subsequently amended his complaint to include various state and federal claims against the State of Indiana; Tippecanoe County Deputy Prosecutor Jonathan R. Dee; Tippecanoe Superior Court Judge Gregory Donat; Deputy Attorney General Cynthia L. Ploughe; Indiana Court of Appeals Judges John G. Baker, Paul D. Mathias, Melissa S. May, and Margret G. Robb; and Indiana Supreme Court Justices Brent Dickson, Robert D. Rucker, Steven H. David, and Mark S. Massa (collectively, "the State Appellees"). These claims pertained to the denial of Myers's 2012 related petition for post-conviction relief ("PCR").

The trial court eventually entered default judgment against the Hotel Appellees, after which the trial court awarded Myers zero dollars in damages. The trial court also dismissed the State Appellees from the lawsuit. Myers subsequently filed a motion to correct error, which was denied by the trial court.

[3] On appeal, Myers challenges the trial court's award of zero dollars in damages and the dismissal of the State Appellees. Finding no error, we affirm.

# Facts and Procedural History

## A. Facts Relating to Related Criminal and Post-Conviction Proceedings

[4] With respect to the facts leading to the instant appeal, this court's memorandum decision in Myers's related post-conviction proceedings provide as follows:

> As part of an ongoing criminal investigation involving Felicia Norris, Tippecanoe law enforcement officials learned that Myers and Norris were staying together at the Lincoln Lodge on U.S. Highway 52. There were outstanding arrest warrants for Norris in both Clinton and Pulaski counties.
>
> On November 13, 2003, police officers went to Myers's room and asked him if Norris was there. Myers responded that a woman by the name of "Becky Best" was staying with him. Appellant's App. p. 74. The officers warned Myers that he would be charged with harboring a fugitive if he was lying to them about the woman's identity.
>
> Thereafter, the police officers learned that Norris was, in fact, staying with Myers after the motel manager supplied them with Myers's motel room registration card that listed Norris as the co-occupant. The police officers then returned to Myers's room and arrested Norris. Myers was also arrested and charged with possession of a legend drug, a class D felony, assisting a criminal, a class A misdemeanor, and false informing, a class A misdemeanor.

On June 15, 2004, Myers pleaded guilty to false informing, a class B misdemeanor, and was later sentenced to 180 days of incarceration. In exchange, the State dismissed the remaining charges.[1]

On May 30, 2012, Myers filed a petition for post-conviction relief, alleging that his trial counsel was ineffective. Myers contended, among other things, that his counsel was ineffective for failing "to move to suppress evidence that [Myers] had lied about the fact that ... Norris ... was staying in his motel room." Appellant's Br. p. 4. The State responded that even if Myers's assertions were true, he failed to present any material facts that entitled him to post-conviction relief. Thus, the State argued that the post-conviction court should deny Myers's request for relief without a hearing.

On August 24, 2012, the post-conviction court summarily dismissed Myers's petition, concluding that Myers had failed to allege any facts or issues not known to him at the time of the guilty plea, and that:

> 6. [Myers] had no expectation of privacy in the motel ledger.
>
> 7. Entry into the motel room was obtained by consent.
>
> 8. There is no colorable suppression issue in the case at bar.

---

[1] At some point, Myers was placed on probation in lieu of incarceration following his guilty plea. While on probation, Myers was charged with nine unrelated felony counts, including several Class A felony drug charges. He was eventually convicted of four counts of Class A felony dealing in cocaine and sentenced to a term of thirty years.

9. [Myers] failed to allege that he would have been acquitted had he proceeded to trial on this matter, nor has he alleged facts that would rise to a constitutional violation under the Indiana and Federal Constitutions.

Appellant's App. p. 87.

*Myers v. State*, 2013 WL 1858430 *1-2 (Ind. Ct. App. May 2, 2013), *trans. denied*. Myers appealed the post-conviction court's August 24, 2012 summary dismissal of his petition. *Id*. at *2. Upon review, this court affirmed the judgment of the post-conviction court. *Id*. at *3. Myers's subsequent petition for rehearing was denied on August 16, 2013. Myers then sought transfer to the Supreme Court of Indiana. On November 7, 2013, the Indiana Supreme Court denied Myers's petition seeking transfer.

## B. Facts Relating to the Civil Claims at Issue in This Appeal

### 1. The Hotel Appellees

On September 27, 2013, Myers filed a civil complaint for invasion of privacy against the Hotel Appellees. Specifically, Myers argued that the Hotel Appellees had violated his privacy by requiring him to provide them with the identification of the individual staying with him in his hotel room and by turning this identification over to representatives of the Clinton County Sheriff's Department. Default Judgment was entered against the Hotel Appellees on June 22, 2015. The trial court then allowed Myers to plead damages via

affidavit. In an order dated February 4, 2016, the trial court awarded Myers zero dollars in damages.

## 2. The State Appellees

On October 28, 2014, Myers amended his September 27, 2013 complaint to include various state and federal claims relating to the denial of his 2012 PCR petition against the State Appellees. In making these claims, Myers sought an order directing the named trial judge, the named judges of this court, and the named justices of the Indiana Supreme Court to further review his previously-considered PCR petition. Myers also sought that the deputy prosecutor and the deputy attorney general be ordered to "[f]urther prosecute the action underlying this one … in a manner that is consistent with [his/her] ethical duty[.]" Appellant's App. pp. 252, 253. The State Appellees sought dismissal under Trial Rule 12(B)(6), arguing, among other things that each of the named parties was entitled to immunity. The trial court subsequently dismissed the claims against the State Appellees.

## 3. Motion to Correct Error

On March 9, 2016, Myers filed a motion to correct error, challenging both the award of zero dollars in damages and the dismissal of the State Appellees. This motion was denied by the trial court on April 1, 2016. This appeal follows.

# Discussion and Decision

Myers appeals following the denial of his motion to correct error. On appeal, we review a trial court's decision on a motion to correct error for an abuse of discretion. *Knowledge A-Z, Inc. v. Sentry Ins.*, 891 N.E.2d 581, 584 (Ind. Ct. App. 2008), *trans. denied*. "An abuse of discretion occurs when the decision is against the logic and effect of the facts and circumstances before the court, and inferences that may be drawn therefrom." *Id.* (citing *Palmer v. Comprehensive Neurologic Serv., P.C.*, 864 N.E.2d 1093, 1102 (Ind. Ct. App. 2007), *trans. denied*).

# I. Award of Damages

With respect to the Hotel Appellees, Myers challenges the trial court's award of zero dollars in damages. "'The computation of damages is strictly a matter within the trial court's discretion.'" *Harlan Bakeries, Inc. v. Muncy*, 835 N.E.2d 1018, 1034 (Ind. Ct. App. 2005) (quoting *Romine v. Gagle*, 782 N.E.2d 369, 382 (Ind. Ct. App. 2003), *trans. denied*). "'No degree of mathematical certainty is required in awarding damages as long as the amount awarded is supported by evidence in the record; however, an award may not be based upon mere conjecture, speculation, or guesswork.'" *Id.* (quoting *Romine*, 782 N.E.2d at 382). To support an award of damages, "'facts must exist and be shown by the evidence which afford a legal basis for measuring the plaintiff's loss.'" *Id.* at 135 (quoting *Romine*, 782 N.E.2d at 382). "'To that end the damages must be referenced to some fairly definitive standard, such as market value, established experience, or direct inference from known circumstances.'" *Id.* (quoting *Romine*, 782 N.E.2d at 382-83).

In awarding zero dollars in damages, the trial court found as follows:

> [Myers] has failed to prove that the [Hotel Appellees] violated his right to privacy by cooperating with the police. Even if this violation was proven, [Myers] has failed to prove that it resulted in damage. Any damage claimed by [Myers] was self-inflicted and flowed from the fact that he entered a guilty plea to False Informing, a Class B Misdemeanor, pursuant to a plea agreement on June 15, 2004.

Appellant's App. pp. 455-56.

In challenging the trial court's award of zero dollars in damages, Myers argues that his guilty plea did not act as a bar to recovery of damages from the Hotel Appellees. While Myers's guilty plea might not act as a bar to recovering damages, it was within the trial court's discretion to determine whether the evidence provided by Myers proved that the alleged invasion of his privacy by the Hotel Appellees resulted in measurable damage to him. Upon review, we conclude that the trial court acted within its discretion in making such a determination and, as a result, awarding zero dollars in damages.

## II. Dismissal of the State Appellees

With respect to the State Appellees, Myers challenges the trial court's order dismissing the claims levied against the State Appellees.

> A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *See Kitco, Inc. v. Corp. for Gen. Trade*, 706 N.E.2d 581 (Ind. Ct. App. 1999). Thus, while we do

not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.

A court should "accept[ ] as true the facts alleged in the complaint," *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind. Ct. App. 1999), and should not only "consider the pleadings in the light most favorable to the plaintiff," but also "draw every reasonable inference in favor of [the non-moving] party." *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998). However, a court need not accept as true "allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading." *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1271 (Ind. Ct. App. 2000) (citations omitted).

*Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134-35 (Ind. 2006). On review, we will affirm the trial court's grant of a Rule 12(B)(6) motion to dismiss "if it is sustainable on any theory or basis found in the record." *Deiter*, 702 N.E.2d at 1097.

## A. Dismissal of Federal Claims

[13]     Although Myers's arguments below and on appeal are somewhat unclear, it appears that Myers has asserted federal claims under 42 U.S.C. § 1983 ("§ 1983") against all of the State Appellees. § 1983 provides as follows:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

(Emphasis added).

[14] The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In reaching this holding, the United States Supreme Court explained the following:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.

*Id.* (internal citations omitted).

[15] In determining whether an individual was sued in their official or personal capacity, we look to the caption of the case and the allegations and language used in the body of the complaint. *See Lake Cty. Juvenile Court v. Swanson*, 671 N.E.2d 429, 434 (Ind. Ct. App. 1996).

> If a plaintiff seeks to sue public officials in their personal capacities or in both their personal and official capacities, the plaintiff should expressly state so in the complaint. We also note that courts ordinarily assume that an official is sued only in her

official capacity when a plaintiff alleges that a state official acted under the color of state law giving rise to liability under § 1983.

*Id*. (internal citations ommitted).

[16] In filing suit against each of the State Appellees, Myers indicated that each was being sued in their official capacities only. Further, the nature of the claims brought against each of the State Appellees indicates that they are being sued in only their official capacities. Therefore, we will review the propriety of the dismissal only as it relates to claims brought against the State and State officers in their official capacities.

[17] Neither a state nor a state agency is a person under § 1983 regardless of whether the claims raised sought retrospective or prospective relief. *See Severson v. Bd. of Trustees of Purdue Univ.*, 777 N.E.2d 1181, 1189 (Ind. Ct. App. 2002). As such, the trial court correctly dismissed the claims levied against the State of Indiana under § 1983. Further, if a plaintiff requests retrospective relief, then a state official sued in his official capacity is also not a "person" under § 1983. *See id*. The trial court, therefore, also correctly dismissed the claims levied against the remaining State Appellees by Myers which sought retrospective relief because the State Appellees were not "persons" under § 1983.

[18] If, however, a plaintiff requests prospective relief, then a state official may be considered a "person" under § 1983. *See id*. It appears that at least some of Myers's claims are seeking prospective relief. Specifically, it seems that Myers is seeking a court order or injunction that would authorize him to seek another

round of PCR, during which the State Appellees would be compelled to conduct said review in a manner consistent with Myers's view of the law.

[19]    In *Martin v. Heffelfinger*, 744 N.E.2d 555, 558-59 (Ind. Ct. App. 2001), we concluded that in order to seek prospective injunctive relief against a state official under § 1983, a plaintiff must prove that his remedies at law are inadequate before he can state a claim for equitable relief. A legal remedy is adequate "where it is as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." *Martin*, 744 N.E.2d at 559.

[20]    In *Martin*, the plaintiff filed a complaint under § 1983 against a number of state officials, including the judge who revoked his probation. *Id*. at 557. Martin sought declaratory and injunctive relief to bar the judge from presiding over any action involving him, claiming that he was entitled to relief because the revocation of his probation had caused him to lose his job. *Id*. The trial court dismissed Martin's claim against the judge. *Id*. Upon review, we affirmed, concluding that the trial judge was entitled to judicial immunity because Martin had failed to prove that he was entitled to declarative or injunctive relief. *Id*. at 559. Specifically, we concluded that Martin had failed to prove why the remedies available to him at law were inadequate. *Id*. In reaching this conclusion, we noted that Martin could raise the issues presented through the proper channels on a direct appeal from his conviction or in post-conviction proceedings. *Id*.

Just as in *Martin*, here Myers has failed to show that the legal remedies available to him are inadequate. Myers filed an unsuccessful PCR petition. Myers does not cite to any authority suggesting that he is entitled to relief under § 1983 merely because his PCR petition was subsequently denied. Further, the Indiana Post-Conviction Rules set forth a procedure by which one may request permission to file a second or successive PCR petition. Nothing in the record indicates that Myers has been denied, or even sought, permission to file a successive PCR petition. Because we conclude that Myers has failed to show that the legal remedies available to him are inadequate, we further conclude that the trial court correctly dismissed the claims levied against the remaining State Appellees by Myers which sought prospective relief.

## B. Dismissal of State Claims

### 1. Named Judges and Justices

It is well-established that judicial officers are protected by a common law immunity from suit brought on the basis of their judicial acts. *See Cato v. Mayes*, 270 Ind. 653, 655, 388 N.E.2d 530, 532 (1979) (citing *Alexander v. Gill*, 130 Ind. 485, 489, 30 N.E. 525, 527 (1892)). "The reason for this rule is that such a liability for a judicial act would be inconsistent with the proper discharge of judicial duties." *Id.* at 655, 388 N.E.2d at 532.

> The test by which the question of the liability of a judicial officer is to be governed is twofold: (1) was the act complained of an exercise of judicial authority? and (2) did the court have jurisdiction of the parties and subject matter? If these two

questions are answered affirmatively, judicial immunity will be accorded to the officer.

*Id.* at 655, 388 N.E.2d at 532 (internal citation omitted).

[23] Review of the record clearly establishes that acts complained of by Myers were exercises of judicial authority and that the named judges and justices had both personal and subject matter jurisdiction over the parties and claims before the respective courts. As such, judicial immunity covers each of the named judges and justices.

## 2. *Deputy Prosecutor and Deputy Attorney General*

[24] The Indiana Supreme Court has also recognized that prosecuting attorneys and the Attorney General and his or her deputies are protected by absolute immunity for acts reasonably within the general scope of authority granted to prosecuting attorneys. *See Foster v. Pearcy*, 270 Ind. 533, 537-38, 387 N.E.2d 446, 449 (1979).

> This decision will insure that the prosecutor will be able to exercise the independent judgment necessary to effectuate his duties to investigate and prosecute criminals and to apprise the public of his activities. It will also allay the apprehensions about harassment of prosecuting attorneys from unfounded litigation which deters public officials from their public duties.

*Id*. at 537, 387 N.E.2d at 449.

[25] Again, review of the record clearly establishes that the acts complained of by Myers were acts within the general scope of authority granted to prosecuting

attorneys and the Attorney General. As such, both the deputy prosecutor and the deputy attorney general were protected against Myers's claims by prosecutorial immunity.

### 3. *The Indiana Tort Claims Act*

The State Appellees are further immune from liability under the Indiana Tort Claims Act ("ITCA"). The ITCA governs lawsuits against political subdivisions and their employees. *Myers v. Maxson*, 51 N.E.3d 1267, 1278 (Ind. Ct. App. 2016) (citing *Irwin Mortg. Corp. v. Marion Cnty. Treasurer*, 816 N.E.2d 439, 445 (Ind. Ct. App. 2004)), *trans. denied*.

> The ITCA provides substantial immunity for conduct within the scope of a public employee's employment "to ensure that public employees can exercise the independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment." *Irwin Mortg. Corp.*, 816 N.E.2d at 445; *see also* Ind. Code § 34-13-3-3 (setting forth twenty-four separate categories for which immunity attaches). Compliance with the ITCA is a question of law for the court to decide. *Id.* Generally, whether the tortious act of an employee is within the scope of employment is a question of fact; however, under certain circumstances the question may be determined as a matter of law. *Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003).

*Maxson*, 51 N.E.3d at 1278-79. It is specifically of note in this matter that Indiana Code section 34-13-3-3(6) provides that "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if

a loss results from the … initiation of a judicial or an administrative proceeding."

[27] As is discussed above, each of the State Appellees was sued only in their official capacities. It is evident from Myers's complaint that each were acting within their scope of authority and performing discretionary functions of the government in relation to a judicial proceeding. The deputy prosecuting attorney and the deputy attorney general both acted in accordance with their duty to defend against Myers's PCR petition. Each of the judicial officers were acting in accordance with their duty to adjudicate cases, including cases involving a request for PCR, which have come before their respective courts. As such, each of the State Appellees were entitled to immunity under the ITCA.

# Conclusion

[28] In sum, we conclude that the trial court did not abuse its discretion in (1) awarding Myers zero dollars in damages with respect to the Hotel Appellees or (2) dismissing the claims levied against the State Appellees. As such, we affirm the judgment of the trial court.

[29] The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.