

FILED

Mar 30 2023, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Theodore E. Rokita
Attorney General of Indiana

Aaron T. Craft
Section Chief, Civil Appeals
Benjamin M.L. Jones
Assistant Section Chief, Civil Appeals
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David F. McNamar
McNamar & Associates, P.C.
Westfield, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Board of Pharmacy, Donna S. Wall, Steven Anderson, Del Fanning, Winnie Landis, Mark Smosma, and Matt Balla, | March 30, 2023 |
| | Court of Appeals Case No. 22A-PL-1811 |
| *Appellants-Respondents/Defendants,* | Appeal from the Marion Superior Court |
| v. | The Hon. Patrick J. Dietrick, Judge |
| Paul J. Elmer, | Trial Court Cause No. 49D12-2001-PL-104 |
| *Appellee-Petitioner/Plaintiff.* | |

**Opinion by Judge Bradford**
Judges Robb and Pyle concur.

**Bradford, Judge.**

# Case Summary[1]

[1] When Paul Elmer was a practicing pharmacist, his distribution and production of adulterated drugs led to federal criminal convictions. After Elmer had allowed his license to expire, the Indiana Board of Pharmacy ("the Board") sought to revoke his license. This Court ultimately determined that there was no statutory basis on which to revoke an expired license and ordered the administrative proceeding dismissed. Elmer sought recovery of attorney's fees from the Board and its members (collectively, "Appellants") pursuant to 42 U.S. § 1983 ("Section 1983") and Indiana Code section 34-52-1-1(b). The trial court had initially denied Elmer's claims but granted Elmer's motion to correct error, ruling that Appellants had violated Elmer's civil rights and awarded him attorney's fees pursuant to 42 U.S. § 1988 ("Section 1988") and Indiana Code section 34-52-1-1(b). Appellants contend that the trial court abused its discretion in granting Elmer's motion to correct error on the bases that (1) Elmer has failed to make a valid Due-Process claim, (2) the Board's members enjoy absolute quasi-judicial immunity, (3) none of Appellants are "persons" subject to Section 1983, (4) Elmer is not entitled to attorney's fees pursuant to Section 1988, and (5) Elmer is not entitled to attorney's fees pursuant to Indiana Code section 34-52-1-1(b). Because the Appellants were acting in a quasi-

---

[1] We held oral argument in this matter on March 14, 2023, in the Court of Appeals Courtroom in Indianapolis. We would like to commend counsel on the high quality of their presentations.

judicial capacity and in good faith based on the known interpretation of Indiana Code section 34-52-1-1, we reverse and remand with instructions.

## Facts and Procedural History

Elmer jeopardized the lives and well-being of multiple patients, including several infants in neonatal intensive-care units, by knowingly producing and distributing dangerous drugs through his compounding pharmacy. *U.S. v. Elmer*, 980 F.3d 1171, 1173–74 (7th Cir. 2020). One infant who received a dose of morphine "25 times" the dose "indicated on the label […] immediately went into respiratory arrest and survived only because doctors were able to administer three different doses of Narcan, a medication for reversing the effects of opioid overdose." *Id*. at 1174. When the United States Food and Drug Administration launched an investigation, "Elmer took [an] active role in misleading the agency," telling one of his pharmacists "to lie to the inspectors and pretend that she was the pharmacist at the facility under inspection" and convincing his director of compliance "to try to prevent the actual pharmacist for that facility […] from speaking to the inspectors[.]" *Id*. For Elmer's production and distribution of adulterated drugs and attempted cover-up, a federal grand jury returned a ten-count indictment (another charge was later added). *Id*. at 1175. Elmer's trial ended with the jury returning guilty verdicts on the conspiracy count and all nine counts related to the adulterated drugs. *Id*. The district court sentenced Elmer to thirty-three months in federal prison, and the United States Court of Appeals for the Seventh Circuit affirmed. *Id*. at 1173, 1175.

[3] Meanwhile, the Board had taken action against Elmer's pharmacy license. The State initiated summary-suspension proceedings against Elmer's license in July of 2017. *Ind. Bd. of Pharm. v. Elmer* ("*Elmer I*"), 171 N.E.3d 1045, 1047 (Ind. Ct. App. 2021), *trans. denied*. A year later, Elmer chose not to renew his pharmacist's license and allowed it to expire. *Id*. In June of 2019, the State filed an administrative complaint to revoke Elmer's pharmacist's license on the basis of his federal convictions. *Id*. at 1047–48. The Board revoked Elmer's pharmacist's license. *Id*. at 1048. Elmer filed an amended combined petition for judicial review and complaint for damages under 42 U.S.C. § 1983 against the Board and its individual members related to the Board's revocation of his expired pharmacy license.

[4] The trial court granted Elmer's petition for judicial review and remanded to the Board with instructions to dismiss the administrative action, *Elmer I*, 171 N.E.3d at 1048, and later denied Elmer's request for attorney's fees. The trial court issued a partial final judgment, and we affirmed. *Id*. at 1045. We rejected the State's argument that it had statutory authority to revoke an expired license. *Id*. at 1051–52.

[5] During the appeal, Elmer filed a renewed motion for attorney's fees in the trial court, while the Board moved to dismiss the still-pending Section 1983 claim. In a combined order issued on March 1, 2022, the trial court denied Elmer's motion for fees and granted the Board's motion to dismiss the Section 1983 claim. The trial court dismissed Elmer's claim for injunctive relief as moot and his claims against the Board and its members in their official capacities on the

basis that they are not persons subject to suit pursuant to Section 1983. Relying on our decision in *Melton v. Indiana Athletic Trainers Board*, 156 N.E.3d 633 (Ind. Ct. App. 2020), *trans. denied*, the trial court dismissed Elmer's claims against the Board members in their individual capacities on the basis that they were acting in an adjudicative capacity when they conducted disciplinary proceedings on Elmer's expired pharmacist license and "[i]t is clear on the face of the complaint that the Board Members did not act in 'clear absence of all jurisdiction.'" Appellants' App. Vol. II pp. 116–17. In the alternative, the trial court concluded that the individual-capacity claims were still subject to dismissal because Elmer lacked a liberty or property interest in his expired pharmacist license, his discipline did not implicate any fundamental right, and Elmer was never seized and so did not have a viable malicious-prosecution claim.

[6] The trial court also denied Elmer's request for fees. The trial court reasoned that because Elmer was not a prevailing party on his Section 1983 claim, he was not entitled to fees pursuant to Section 1988. The trial court denied Elmer's request for fees pursuant to Indiana Code section 34-52-1-1(b) because the Board's defense of Elmer's suit was not "frivolous, unreasonable, or groundless[,]" nor was it litigated in bad faith. Appellants' App. Vol. II p. 120. The trial court also declined to exercise any inherent discretion to award Elmer attorney's fees.

[7] Elmer filed a motion to correct error, which the trial court granted on July 6, 2022; the trial court vacated the March 1, 2022, dismissal order and awarded Elmer attorney's fees and costs. In granting Elmer's motion to correct error, the

trial court cited "significant errors" in its dismissal of Elmer's request for attorney's fees. Appellants' App. Vol. II p. 15. The trial court cited Elmer's successful petition for judicial review as a basis for fees under both Section 1988 and Indiana Code section 34-52-1-1(b), explaining that "the Board and the Office of the Attorney General […] continu[ed] this action over specific objections of counsel without any statutory basis […] and ignor[ed] both the State and Federal Constitutional rights of M[r]. Elmer to be free from government harassment" such that an award of attorney's fees was appropriate. Appellants' App. Vol. II p. 16. The trial court reasoned that the Board had "purposefully refused to dismiss this proceeding when specifically shown the lack of subject-matter jurisdiction and personal jurisdiction over Mr. Elmer[,]" which caused Elmer to incur attorney's fees. Appellants' App. Vol. II p. 16. The trial court found that the Board "and the Office of the Attorney General violated the provisions of 42 USC §§1983, 1988 [and] Indiana Code section 35-52-1-1(b)." Appellants' App. Vol. II p. 16. The trial court ordered "the Defendants" to pay attorney's fees and costs to Elmer. Appellants' App. Vol. II p. 17.

## Discussion and Decision

### I. Motion to Correct Error

[8] Appellants contend that the trial court erred in granting Elmer's motion to correct error. We review the grant of a motion to correct error for an abuse of discretion, though we review legal questions *de novo*, and will reverse if the trial court's decision is "clearly against the logic and effect of the facts and

circumstances" or misinterprets the law. *Bruder v. Seneca Mort. Servs., LLC*, 188 N.E.3d 469, 471 (Ind. 2022).

[9] Appellants contend that the trial court erroneously decided Elmer's Section 1983 claim against the Board and/or the individual Board members for three reasons: (1) Elmer failed to state a Due-Process claim against any Appellant because he did not have a protected interest in his expired license, (2) the individual Board members have absolute quasi-judicial immunity, and (3) neither the Board nor its members are "persons" subject to suit pursuant to Section 1983. Because we conclude that Appellants' second and third arguments are dispositive of the Section 1983 issue, we need not address their first.

## A. Quasi-Judicial Immunity

[10] Judicial immunity shields judicial officers from suit. *Mireles v. Waco*, 502 U.S. 9, 13 (1991); *Cato v. Mayes*, 270 Ind. 653, 655, 388 N.E.2d 530, 532 (1979); *Newman v. Deiter*, 702 N.E.2d 1093, 1097–98 (Ind. Ct. App. 1998), *trans. denied*. It thus preserves judicial independence and "'prevent[s] a situation in which decision-makers act with an excess of caution or otherwise … skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their conduct out of a fear of litigation or personal monetary liability.'" *Melton*, 156 N.E.3d at 653–54 (quoting *Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2004)) (ellipsis in *Snyder*). The same interest "justifies granting immunity to non-judicial officers who perform quasi-judicial functions," so when a person is performing a duty "functionally

comparable to those of judicial officers" they have quasi-judicial immunity from suit. *Id.* at 653; *see also, e.g.*, *Butz v. Economou*, 438 U.S. 478, 513 (1978) (granting absolute quasi-judicial immunity to members of the United States Department of Agriculture adjudicating an administrative complaint).

Like judicial immunity, quasi-judicial immunity is absolute. *Melton*, 156 N.E.3d at 652–53. It applies even if the action the defendant took "was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Absolute judicial or quasi-judicial immunity is overcome only where a defendant's actions (1) were not taken in a judicial or quasi-judicial capacity or (2) were taken in the "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12; *Cato*, 270 Ind. at 656, 388 N.E.2d at 532.

Members of licensing boards who adjudicate disciplinary matters against licensees have absolute quasi-judicial immunity from suit because they are acting as the functional equivalent of judges. In *Melton*, we held that the members of the Indiana Athletic Trainers Board were absolutely immune from a suit under Section 1983 that sought to impose liability for their actions in disciplining an athletic trainer's (expired) license because adjudicating a disciplinary action involving a professional license is functionally analogous to a judge adjudicating a dispute in court. 156 N.E.3d at 652–56; *see also, e.g.*, *Butz*, 438 U.S. at 513; *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 522–23 (7th Cir. 2001) (members of election board have immunity when determining validity of petitions); *Bettencourt v. Bd. of Registration of Med. of Comm. of Mass.*, 904 F.2d 772 (1st Cir. 1990) (members of medical licensing

board had quasi-judicial immunity); *Horwitz v. Bd. of Med. Exam'rs of State of Colo.*, 822 F.2d 1508, 1515 (10th Cir. 1987) (members of medical licensing board had absolute immunity for prosecutorial and adjudicatory functions).

[13] Such is the case here. Appellants correctly liken the Board members in this case to the members of the Athletic Trainers Board at issue in *Melton*: Elmer has sued them exclusively for their actions in adjudicating the disciplinary action against his license initiated by the State, and in adjudicating that licensing case, the Board members were serving the functional equivalent of a judge, weighing evidence, deciding facts, applying law, choosing sanctions, and otherwise resolving a licensing dispute. *Melton*, 156 N.E.3d at 655. We have very little hesitation in concluding that the individual Board members enjoy absolute quasi-judicial immunity from Elmer's suit.

[14] Elmer argues that the Board members acted "with clear and complete absence of jurisdiction over both the parties and the subject matter[,]" an exception to judicial immunity. *Sims v. Beamer*, 757 N.E.2d 1021, 1025 (Ind. Ct. App. 2001) (citing *Cato*, 270 Ind. at 656, 388 N.E.2d at 532). It is worth noting that a lack of statutory authority is not the same thing as a "complete absence of all jurisdiction," and a mistaken belief in the existence of jurisdiction also does not overcome immunity. *Id.* The United States Supreme Court has explained that "[b]ecause 'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction ...,' the scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge." *Stump*, 435 U.S. at 356 (citation omitted,

ellipsis in *Stump*). Similarly, the Indiana Supreme Court has explained that "in cases where the jurisdiction is uncertain, a judge will not be penalized so long as there is a reasonable basis for his assumption of jurisdiction." *Cato*, 270 Ind. at 656, 388 N.E.2d at 532. So, for example, we have held that a judge is not deprived of immunity for ruling on a motion for default after a change of venue deprived the judge of jurisdiction, because it was "in excess of his jurisdiction" but not "in complete absence of *any* jurisdiction." *Sims*, 757 N.E.2d at 1025 (emphasis in *Sims*); *see also Hupp v. Hill*, 576 N.E.2d 1320, 1322–25 (Ind. Ct. App. 1991) (concluding that immunity shielded a judge *pro tempore* who signed a warrant after the judge's appointment ended).

[15] Although in *Elmer I* we ultimately determined that the Board lacked statutory authority to revoke an expired license, the Board has broad authority to adjudicate matters relating to pharmacists' licenses. *See* Ind. Code § 25-26-13-4(a). Appellants argue that the Board members, at most, made a mistake about the extent of that grant of licensing and regulatory authority and merely acted in excess of their authority, which they argue is not the same thing as acting in the complete absence of all jurisdiction over Elmer and the subject of pharmacists' licenses. We agree with this characterization of the Board's actions. Elmer has failed to establish that the Board members acted in complete absence of all jurisdiction.

## B. Whether the Board Is a "Person" Subject to Section 1983

[16] Appellants also argue that neither the Board nor its individual members are "persons" subject to Section 1983. Because we have already concluded that the

Board's members enjoy quasi-judicial immunity, we need only address the Board's status as a "person" for purposes of Section 1983. This question need not detain us long, as it is well-settled that neither States nor state agencies are "persons" subject to a Section 1983 suit. *Will*, 491 U.S. at 71; *Melton*, 156 N.E.3d at 650; *Bd. of Trs. of Purdue Univ. v. Eisenstein*, 87 N.E.3d 481, 494 (Ind. Ct. App. 2017), *trans. denied*. The trial court erred in entering judgment in favor of Elmer on his Section 1983 claims against the Board.[2]

## II. Attorney's Fees

Appellants argue that the trial court abused its discretion in awarding Elmer attorney's fees pursuant to both Section 1988 and Indiana Code section 34-52-1-1.

### A. Section 1988

> In any action or proceeding to enforce a provision of section […] 1983, […] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988. Because, as mentioned, the entry of judgment in favor of Elmer on his Section 1983 claims was erroneous, he is not a "prevailing party" pursuant to Section 1988. Consequently, to the extent the trial court awarded

---

[2] Because we have resolved Elmer's Section 1983 claims on other bases, we need not address his Due Process arguments.

Elmer attorney's fees pursuant to Section 1988, it abused its discretion in so doing.

## B. Indiana Code section 34-52-1-1

Indiana Code section 34-52-1-1(b) provides as follows:

> (b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
>> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>>
>> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>>
>> (3) litigated the action in bad faith.

Although we ordinarily review an award of attorney's fees for an abuse of discretion, *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 912 (Ind. 2020), when a trial court awards fees pursuant to Indiana Code section 34-52-1-1, we review findings of fact under a clearly-erroneous standard, legal conclusions *de novo*, and only the decision to award fees for an abuse of discretion. *Miller v. Reinert*, 839 N.E.2d 731, 736 (Ind. Ct. App. 2005), *trans. denied*. If a trial court does not make findings of fact and does not "expressly indicate the legal conclusion on which its award of attorney's fees was based," we review the fee award *de novo*. *Id*.

The trial court's order on Elmer's motion to correct error provides, in relevant part, as follows:

Plaintiff having filed his Motion for Costs and Attorney fees, pursuant to 42 USC §1988(b) and IC 34-52-1-1, prevailed in this case as to his assertion that the Defendant, the Indiana Board of Pharmacy, lacked subject matter and personal jurisdiction over him. The Court finds that because of the behavior of this Board and the Office of the Attorney General as to continuing this action over specific objections of counsel without any statutory basis, for which this agency is specifically bound, and ignoring both the State and Federal Constitutional rights of M[r]. Elmer to be free from government harassment when there is a total lack of jurisdictional basis from the inception of this case, now finds that counsel should be awarded attorney fees payable from the Defendants herein. The Court finds that such actions by the Defendant and the Office of the Attorney General violated the provisions of […] Ind. Code §34-52-1-1(b) and warrant the award of fees and costs. *Davidson v. Boone County*, 745 N.E.2d 895, 899, (Ind. Ct. App. 2001). The Court also finds that the Defendants have never objected to the amount of fees requested by Plaintiff's counsel.

The Court also finds that the Defendant purposefully refused to dismiss this proceeding when specifically shown the lack of subject-matter jurisdiction and personal jurisdiction over Mr. Elmer herein which caused substantial attorney fees to be incurred by him. The appropriate remedy for Plaintiffs having to continue to litigate obvious matters to which Defendant Board does not have both personal and subject-matter jurisdiction, is the basis for the Court awarding Plaintiff's attorney fees and costs against all Defendants herein.

Order pp. 1–3 (footnotes omitted).

[22] As we have noted, cases in which it may be appropriate to award attorney's fees pursuant to Indiana Code section 34-52-1-1 involve claims that qualify as one of the following:

> [A] claim or defense is "frivolous" (a) if it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.
>
> [A] claim or defense is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified.
>
> [A] claim or defense is groundless if no facts exist which support the legal claim relied on and presented by the losing party.

*Garza v. Lorch*, 705 N.E.2d 468, 473 n.10 (Ind. Ct. App. 1998) (citation omitted). This is not one of those cases.

[23] While the Board ultimately did not prevail in its attempt to revoke Elmer's license due to a lack of statutory authority to revoke an expired license, we cannot say that the State's attempt to do so was frivolous. It is clear that the Board had a very compelling interest in pursuing whatever potential avenues it had available to it to ensure that Elmer would never again hold a pharmacist license in Indiana. Although Elmer argues that the events that led to his federal convictions are irrelevant to this discussion, we disagree, as they speak directly to the Board's motives in the litigation, undercutting any suggestion that the Board's intent was primarily to harass or maliciously injure Elmer. Elmer's actions resulted in the distribution and administration of adulterated pharmaceuticals, which led to a federal prison sentence and serious illness to at least one infant. Given the severity of Elmer's actions, we conclude that the record does not support a finding that the Board's attempt to prevent him from

ever holding a pharmacist license in Indiana or any other jurisdiction constituted an attempt to harass or maliciously injure him.

[24] Moreover, we cannot say the Board pursued this action despite being unable to make a good-faith or rational argument on the merits. It is worth noting that, at the time the Board pursued its administrative action against Elmer's license, there was no case law for the proposition that it lacked the power to do so. It strikes us as a good-faith argument that while a strict reading of the relevant statutes did not allow for the revocation of an expired license, they nonetheless could be read to imply that the General Assembly intended to grant the Board the authority to move against an expired license. Only with our decision in *Elmer I* was it made clear that the Board lacked the statutory authority to revoke an expired pharmacist license, and, following the Indiana Supreme Court's denial of Appellants' petition to transfer, the Board has made no further attempt to press this point; the litigation since has exclusively consisted of the Board and its members defending themselves against Elmer's Section 1983 claims and request for attorney's fees. We reverse the trial court's award of attorney's fees to Elmer pursuant to Indiana Code section 34-52-1-1.

## Conclusion

[25] We reverse the trial court's entry of judgment against all Appellants pursuant to Section 1983. We also reverse the trial court's award of attorney's fees to Elmer pursuant to Section 1988 and Indiana Code section 34-52-1-1. We remand with instructions to enter judgment in favor of Appellants and to vacate the award of attorney's fees to Elmer.

[26]    We reverse the judgment of the trial court and remand with instructions.

Robb, J., and Pyle, J., concur.